UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DENNIS J. EVENSON,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JUDGE JEFF W. DAVIS, in his official and individual capacities; JUDGE CRAIG PFEIFLE, in his official and individual capacities; RAPID CITY, and PENNINGTON COUNTY,<br><br>　　　　　　Defendants. | CIV. 15-5061-JLV<br><br>ORDER GRANTING *IN FORMA PAUPERIS* AND DISMISSING CASE |

　　　　On August 20, 2015, plaintiff Dennis J. Evenson, an inmate at the South Dakota State Penitentiary in Sioux Falls, South Dakota, filed a complaint against the defendants. (Docket 1). Mr. Evenson also moved for leave to proceed *in forma pauperis* and submitted a current copy of his prisoner trust account report. (Dockets 2 & 4). He also requested that the court appoint counsel. (Docket 3).

　　　　Section 1915 of Title 28 of the United States Code, as amended by the Prison Litigation Reform Act ("PLRA"), governs proceedings filed *in forma pauperis*. When a prisoner files a civil action *in forma pauperis*, the PLRA requires a prisoner to pay an initial partial filing fee when possible. See 28 U.S.C. § 1915(b)(1). The initial partial filing fee is calculated according to § 1915(b)(1), which requires a payment of 20 percent of the greater of:

　　　(A) the average monthly deposits to the prisoner's account; or

>(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id.

In support of his motion, Mr. Evenson provided a copy of his prisoner trust account report signed by an authorized prison official. (Docket 4). The report shows an average monthly deposit for the past six months of $22.73, an average monthly balance for the past six months of *negative* $666.78, and a current balance of *negative* $694.68. Id. In light of this information, the court finds Mr. Evenson is indigent, qualifies for *in forma pauperis* status, and is not required to make an initial partial filing fee payment. These findings do not discharge the $350 filing fee, but rather allow a prisoner the opportunity to pay the filing fee in installments. See 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.").

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a complaint under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim as "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Id. at 327.

Because Mr. Evenson is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

Mr. Evenson used a Civil Rights Complaint By A Prisoner form.  (Docket 1).  Under Section A. Jurisdiction, Mr. Evenson checked the box asserting jurisdiction under 1(a) 28 U.S.C. § 1343(a)(3), or 42 U.S.C. § 1983.  Id. at p. 1(a).

Mr. Evenson's complaint contains three counts.  Count I alleges a violation of the Equal Protection Clause of the Fourteenth Amendment.  (Docket 1 at p. 4).  On the complaint form for the designation of the issues presented, Mr. Evenson checked "Access to the court," "Retaliation," and "Property."  Id. He claims Circuit Court Judge Davis corruptly denied his habeas petition.  Id. Mr. Evenson alleges Judge Davis cited laws and a statute of limitations that do

not apply.  Id.  He also claims Circuit Court Judge Craig Pfeifle refused to use a *nunc pro tunc* order to grant Mr. Evenson's habeas petition.  Id.  The complaint alleges Judge Davis discriminated against Mr. Evenson because he is of Native American descent.  Id.  Mr. Evenson claims the injury of "loss of liberty due to extended unconstitutional deprivation."  Id.  Mr. Evenson alleges his claims are outside of the prison's administrative jurisdiction.  Id.

Count II alleges a violation Mr. Evenson's "Right to Petition the Government for a Redress of Grievance" under the First Amendment.  Id. at p. 5.  On the complaint form for the designation of the issues presented, Mr. Evenson checked "Access to the court," "Retaliation," and "Property."  Id.  Mr. Evenson again claims that Judge Davis discriminated against him on the basis of race.  Id.  He claims the injuries of "deprivation of liberty, [and] loss of happyness [sic]."

Count III alleges violation Mr. Evenson's rights under the Ninth Amendment.[1]  Id.  On the complaint form for the designation of the issues presented, Mr. Evenson checked "Medical care," "Access to the court," "Disciplinary proceedings," "Retaliation," "Property," "Excessive force by an officer," and "Threat to safety."  Id.  Mr. Evenson alleges he was discriminated against on the basis of his mental illness.  Id.  He alleges the State of South Dakota took advantage of his illness and manipulated him into pleading guilty to

---

[1]The Ninth Amendment declares "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. Const. amend. IX.

a crime which he did not commit.  Id.  Mr. Evenson alleges his state habeas petition was fraudulently deemed untimely by the state court.  Id.  He alleges the injury of "emotional distress."  Id.

In the request for relief section of the complaint form, Mr. Evenson seeks money damages of "$1000.00 per month for non compliance [sic] with SDCL §§ 21-27-1 et seq. and for violation of 18 USC §§ 241 and 242 and $100 dollars [sic] per additional day for failure to comply with any court order."  Id. at p. 7.  Mr. Evenson does not seek monetary damages from the defendant judges.  Id.

All three counts fail to state a claim upon which relief may be granted under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The doctrine of judicial immunity bars Mr. Evenson's claim against the state court judges.  Judicial immunity is a form of absolute immunity.  Judicial immunity "is an immunity from suit, not just from ultimate assessment of damages."  Mireles v. Waco, 502 U.S. 9, 11 (1991); see also Imbler v. Pachtman, 424 U.S. 409, 419 n.13 (1976) ("[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity.").  "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."  Mireles, 502 U.S. at 11.  Judge are immune from suit, including § 1983 suits, with two narrow exceptions.  "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of

all jurisdiction." Schottel v. Young, 687 F.3d 370, 373 (8th Cir. 2012) (quoting Mireles, 502 U.S. at 11-12). These exceptions do not apply here. Mr. Evenson's complaint fails to state a claim against the state court judges.

Mr. Evenson fails to state a claim against Pennington County. "A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents on a theory of *respondeat superior*." Andrews v. Fowler, 98 F.3d 1069, 1074 (8th Cir. 1996) (citing Monell v. Dep't. of Soc. Servs. of the City of New York, 436 U.S. 658 (1978)). Rather, a county may be liable for violation of constitutional rights if the violation was caused by its customs or policies. Crawford v. Van Buren Cty., Arkansas, 678 F.3d 666, 669 (8th Cir. 2012) (quoting Rynders v. Williams, 650 F.3d 1188, 1195 (8th Cir. 2011)). Mr. Evenson does not allege any custom or policy of the county violated his constitutional rights. Mr. Evenson's complaint fails to state a claim against Pennington County.

The complaint fails to state a claim against the City of Rapid City. "It is well-settled that . . . '[m]unicipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered.'" Hess v. Ables, 714 F.3d 1048, 1054 (8th Cir. 2013) (quoting Ware v. Jackson Cty., 150 F.3d 873, 885 (8th Cir. 1998)). Mr. Evenson complains of judicial rulings that are made on a case-by-case basis. These decisions do not reflect policies of the City of Rapid City. State court judges are not city

6

employees.  Mr. Evenson's complaint fails to state a claim against the City of Rapid City.

*Pro se* civil rights complaints must be liberally construed.  Erickson, 551 U.S. at 94; Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 849 (8th Cir. 2014); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004).  Despite this construction, "a *pro se* complaint must contain specific facts supporting its conclusions."  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013).  Civil rights complaints cannot be merely conclusory.  Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

Mr. Evenson alleges he is being discriminated against because of his race and that his habeas petition was denied "corruptly."  Docket 1 at pp. 4-6.  The complaint does not explain how the defendants' actions were either discriminatory or corrupt.  Because the allegations in his complaint are merely conclusory, Mr. Evenson fails to state a claim upon which relief may be granted.  Davis, 992 F.2d at 152.

Mr. Evenson's claims for damages are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court affirmed dismissal of a complaint alleging that the plaintiff's criminal conviction violated his constitutional rights.  Id. at 490.  The Court held that a § 1983 plaintiff seeking damages arising out of "actions whose unlawfulness would render a conviction or sentence invalid . . . must prove that the conviction or sentence has been

7

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Id. at 486-87.  Mr. Evenson seeks damages for being imprisoned.  To award those damages the court would necessarily have to invalidate Mr. Evenson's conviction or sentence.  Because his conviction and sentence have not been reversed, the complaint fails to state a claim for damages due to Mr. Evenson's imprisonment.

As additional relief, Mr. Evenson requests that the court order the state court judges to follow state and federal law.  Mr. Evenson has not explained how the state court judges are violating either state or federal law.  This court is not authorized to force the state court to reverse its denial of his state habeas petition.

A § 1983 complaint is not the proper venue for Mr. Evenson's claims.  An appeal of the denial of his state habeas petition can only be brought in a direct appeal to the South Dakota Supreme Court.  Assuming Mr. Evenson exhausted his state habeas claims in state court, the next step would be to file a habeas petition pursuant to 28 U.S.C. § 2254 in federal district court.

Before dismissing a complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint, unless amendment would be inequitable or futile.  In this instance, Mr. Evenson cannot amend his complaint to allege valid § 1983 claims involving the general nature of the topics alleged.

The court finds plaintiff's complaint fails to state a claim upon which relief can be granted.   Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   Accordingly, it is

ORDERED that Mr. Evenson's motion for leave to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of Mr. Evenson shall, whenever the amount in Mr. Evenson's trust account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court for the United States District Court, District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), Mr. Evenson's complaint (Docket 1) is dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that Mr. Evenson's motion to appoint counsel (Docket 3) is denied as moot.

IT IS FURTHER ORDERED that this action constitutes the **first strike** against Mr. Evenson for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

Dated December 2, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE